**FILED**
**DECEMBER 6, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

AEE

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6878**

| | | |
|---|---|---|
| MISCELLANEOUS WAREHOUSEMEN'S LOCAL 781 HEALTH AND WELFARE FUND, | ) ) ) ) | |
| Plaintiff, | ) ) ) | **JUDGE KENNELLY**<br>**MAGISTRATE JUDGE VALDEZ** |
| v. | ) ) | NO. |
| SUNNYSIDE CORPORATION, an Illinois Corporation, | ) ) ) ) | |
| Defendant. | ) | |

## C O M P L A I N T

Plaintiff, MISCELLANEOUS WAREHOUSEMEN'S LOCAL 781 HEALTH AND WELFARE FUND, by and through their attorney, Robert B. Greenberg of Asher, Gittler, Greenfield & D'Alba, Ltd., complaining of Defendant, SUNNYSIDE CORPORATION, an Illinois Corporation, allege as follows:

1.      This action is brought under the provisions of Sections 502(g)(2), (a)(3), of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145.

2.      Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2)], which states in relevant part:

Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the

breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3. The Miscellaneous Warehousemen's Local 781 Health and Welfare Fund ("Fund") has been established pursuant to collective bargaining agreements heretofore entered into between the Miscellaneous Warehousemen's Union, Local 781, I.B. of T. (the "Union"), and the Defendant, and the Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4. The Fund's office is located at 200 East Howard Street, Suite 216, Des Plaines, IL 60018-5907, and the Fund is administered in the Northern District of Illinois.

5. As provided in the Trust Agreement, Plaintiff is required to receive, hold and manage all monies required to be contributed to the Fund in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 225 Carpenter Avenue, Wheeling, IL 60090.

7. Defendant had agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Fund on behalf of individuals performing collective bargaining unit work at Defendant's place of business.

8. Plaintiff is advised and believes that Defendant has failed to submit contribution reports and the required payments thereon to the Fund, pursuant to the terms of the Collective Bargaining Agreement by which it was bound, all in violation of its contractual obligations and its obligations under applicable federal statutes.

9. Plaintiff, in its behalf, and on behalf of all employees for whose benefit the Fund was established, has requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

10. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

11. Defendant is delinquent to the Fund for the period January 1, 2004, through June 30, 2007, in the amount of $178,457.90.

12. Defendant's failure to pay is a violation of the Collective Bargaining Agreement and the Trust Agreement. Plaintiff, therefore, seeks enforcement of these provisions pursuant to Section 502(g)(2, (a)(3) and 515 of the Employee Income Security Act of 1947 ("ERISA"), 29 U.S.C., Sec. 1132(g)(2), (a)(3), and 1145.

WHEREFORE, Plaintiff prays:

(a) That judgment enter in favor of Plaintiff and against Defendant in the sum of ONE HUNDRED SEVENTY EIGHT THOUSAND FOUR HUNDRED FIFTY SEVEN AND 90/100 DOLLARS ($178,457.90), plus such additional amounts as are later

determined to be due and owing.

     (b)    That Plaintiff be awarded its costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

     (c)    That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement, and the applicable provisions of ERISA, as amended.

     (d)    For such other and further relief as the Court may determine just and proper.

/s/ Robert B. Greenberg
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Boulevard
Suite 1900
Chicago, Illinois 60606
(312) 263-1500
IL ARDC#: 01047558