## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MISCELLANEOUS WAREHOUSEMEN'S LOCAL 781 HEALTH AND WELFARE FUND | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | NO. 07 C 6878<br>Judge Kennelly<br>Magistrate Judge Valdez |
| SUNNYSIDE CORPORATION, an Illinois Corporation, | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant, Sunnyside Corporation ("Defendant" or "Sunnyside"), by and through its attorneys, Answers the Plaintiff's Complaint as follows:

1.    This action is brought under the provisions of Sections 502(g)(2), (a)(3), of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145.

**ANSWER:**    Defendant admits that Plaintiff purports to bring this action under the statutes listed.

2.    Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2)], which states [sic] in relevant part:

Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

**ANSWER:**    Admit.

3.    The Miscellaneous Warehousemen's Local 781 Health and Welfare Fund ("Fund") has been established pursuant to collective bargaining agreements heretofore entered into between the Miscellaneous Warehousemen's Union, Local 781, I.B. of T. (the "Union"), and the Defendant, and the Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA

and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and therefore denies them.

4.    The Fund's office is located at 200 East Howard Street, Suite 216, Des Plaines, IL 60018-5907, and the Fund is administered in the Northern District of Illinois.

**ANSWER:** Defendant admits that the Fund's office is located at 200 East Howard Street, Suite 216, Des Plaines, IL 60018-5907, but it is without knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 4, and therefore denies them.

5.    As provided in the Trust Agreement, Plaintiff is required to receive, hold and manage all monies required to be contributed to the Fund in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and therefore denies them.

6.    Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 225 Carpenter Avenue, Wheeling, IL 60090.

**ANSWER:** Admit.

7.    Defendant had agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Fund on behalf of individuals performing collective bargaining unit work at Defendant's place of business.

**ANSWER:** Defendant admits that it is a party to a collective bargaining agreement between it and the Union, but denies the remaining facts or inferences contained in paragraph 7.

8.    Plaintiff is advised and believes that Defendant has failed to submit contribution reports and the required payments thereon to the Fund, pursuant to the terms of the Collective Bargaining Agreement by which it was bound, all in violation of its contractual obligations and its obligations under applicable federal statutes.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's belief(s) or the source thereof as stated in paragraph 8, and therefore denies them and it states affirmatively that it has provided all contribution reports and made all contribution payments required of it under the Collective Bargaining Agreement referenced in the Complaint.

9.    Plaintiff, in its behalf, and on behalf of all employees for whose benefit the Fund was established, has requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

**ANSWER:**    Defendant denies the allegations contained in paragraph 9.

10.    Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

**ANSWER:**    Defendant denies the allegations contained in paragraph 10.

11.    Defendant is delinquent to the Fund for the period January 1, 2004, through June 30, 2007, in the amount of $178,457.90.

**ANSWER:**    Defendant denies the allegations contained in paragraph 11.

12.    Defendant's failure to pay is a violation of the Collective Bargaining Agreement and the Trust Agreement.  Plaintiff, therefore, seeks enforcement of these provisions pursuant to Section 502(8)(2, (a)(3) and 515 of the Employee Income Security Act of 1947 ("ERISA"), 29 U.S.C., Sec. 1132(8)(2), (a)(3), and 1145.

**ANSWER:**    Defendant denies the allegations contained in paragraph 12.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.    Plaintiff's claims in this lawsuit are barred by the doctrine of estoppel.

2.    Plaintiff's claims in this lawsuit are barred by the doctrine of waiver.

3.    Plaintiff's claims in this lawsuit are barred by the doctrine of laches.

4.    To the extent that Plaintiff seeks contributions related to any period before it first demanded payment for contributions from Sunnyside, those claims are barred.

5.    Plaintiff has failed to state a claim upon which relief may be granted, as it seeks contributions for individuals who are not employed by Defendant and are not

covered by the Plan or the Collective Bargaining Agreement referenced in Plaintiff's Complaint.

6.    As set forth more fully in the accompanying motion to stay, Plaintiff's claims in this lawsuit require the interpretation of a collective bargaining agreement and must be submitted to arbitration.

Dated: January 2, 2008

Respectfully submitted,

/s/      Thurston C. Bailey
Patricia Costello Slovak
Atty No.: 263439
Thurston C. Bailey
Atty No.: 24006783
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606
(312) 258-5500
Attorneys for Sunnyside Corporation

## CERTIFICATE OF SERVICE

I, Thurston C. Bailey, hereby certify that on January 2, 2008, I served the foregoing Defendant's Answer to Complaint by facsimile and US mail and I also electronically filed it Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

> Robert B. Greenberg
> Asher, Gittler, Greenfield & D'Alba, Ltd.
> 200 West Jackson Blvd.
> Suite 1900
> Chicago, Illinois  60606
> 312-263-1500
> rbg@ulaw.com

> /s/ _____ Thurston C. Bailey _____

CHI\5372364.3