**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MISCELLANEOUS WAREHOUSEMEN'S LOCAL 781 HEALTH AND WELFARE FUND | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 07 C 6878 |
| SUNNYSIDE CORPORATION, an Illinois Corporation, | ) ) ) | JUDGE KENNELLY MAGISTRATE JUDGE VALDEZ |
| Defendant. | ) ) | |

**DEFENDANT'S COMPLETE EXHIBIT B IN SUPPORT OF ITS MOTION TO STAY LITIGATION PENDING ARBITRATION**

1.    Exhibit B:    Trust Agreement (Corrected)[1].

---

[1] Some pages were inadvertently left out (by a copying error) of Exhibit B. Please replace the current Exhibit B with this one.

CH1\5398887.2

**EXHIBIT B**

LAW OFFICES

ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.

SUITE 1900
200 WEST JACKSON BOULEVARD
CHICAGO, ILLINOIS 60606

TELEPHONE (312) 263-1500
FACSIMILE (312) 263-1520
E-MAIL    *firm@ulaw.com*

November 12, 2007

*By Messenger*

Thurston C. Bailey
Schiff Hardin, LLP
6600 Sears Tower
Chicago, IL 60606

   Re: Sunnyside Corp.

Dear Mr. Bailey:

   This is in response to your letter of November 9, 2007, requesting certain information from the Welfare Fund. As you have already received a copy of the most current summary plan description of the Welfare Fund, the only other document that satisfies your response is the Plan Agreement, which is enclosed. There is no participation agreement in effect between the parties as the Collective Bargaining Agreement binds the signatory Employer to the Plan Agreement.

   Please contact me if you have any questions.

Sincerely

Librado Arreola

cc: Richard Smith
  Robert Bernstein
  Anthony DiGrazia

<u>RESTATED AGREEMENT AND DECLARATION OF TRUST</u>

<u>ESTABLISHING THE</u>

<u>MISCELLANEOUS WAREHOUSEMEN'S LOCAL 781</u>

<u>HEALTH AND WELFARE FUND</u>

THIS RESTATED AGREEMENT AND DECLARATION OF TRUST, approved and adopted as of the _5-TH_ day of _JUNE_ , 1996,

<u>WITNESSETH:</u>

WHEREAS, an Agreement and Declaration of Trust was made and entered into as of the 1st day of July, 1960, by and between MISCELLANEOUS WAREHOUSEMEN'S UNION, LOCAL 781 (hereinafter, "Union"), affiliated with the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN and HELPERS OF AMERICA, and the NEGOTIATING COMMITTEE of the MERCHANDISE WAREHOUSEMEN INDUSTRY OF CHICAGO (hereinafter, "Negotiating Committee"), creating the MISCELLANEOUS WAREHOUSEMEN'S LOCAL 781 HEALTH AND WELFARE FUND ("Fund"); and

WHEREAS, an Amended Agreement and Declaration of Trust was made and entered into as of the 1st day of May, 1971, by and between the Union and the Negotiating Committee, which Amended Agreement and Declaration of Trust has been thereafter amended from time to time; and

WHEREAS, Section 7.01(a) of Article VII of the Amended Agreement and Declaration of Trust creating the Fund provides that it may be amended by the unanimous written concurrence of the Trustees; and

WHEREAS, the Trustees desire to restate the Amended Agreement and Declaration of Trust in its entirety;

NOW, THEREFORE, by this written agreement unanimously concurred in by the Trustees, the parties hereto do hereby adopt this Restated Agreement and Declaration of Trust Creating the MISCELLANEOUS WAREHOUSEMEN'S LOCAL 781 HEALTH AND WELFARE FUND, to read as follows, effective on the day first above written:

## ARTICLE I

### Definition of Terms

1.01 The term "Employer" shall mean any association, individual, partnership, corporation or other legal entity which is a party to a duly executed Collective Bargaining Agreement with the Union, either on its own behalf or as a member of an employer association, or any Employer not presently a party to a Collective Bargaining Agreement but who subsequently enters into one and satisfies the participation requirements established by the Trustees and who agrees to be bound by this Restated Agreement and Declaration of Trust.

1.02 The term "Union" shall mean MISCELLANEOUS WAREHOUSEMEN'S UNION, LOCAL 781, affiliated with the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AFL-CIO.

1.03 The term "Employee" shall mean:

(a)    Any person on whose behalf contributions are obligated to be made to the Trust by an Employer pursuant to a written agreement.

(b)    All persons employed full time by the Union, upon being proposed by the Union and after acceptance by the Trustees; and as to such personnel, the Union shall be considered an Employer within the meaning of this Restated Agreement and Declaration of Trust and shall, on behalf of such personnel, make payments to the Trust at the times and at the rates of payment prescribed by the Trustees.

(c)    All persons employed full time by the Trust, upon acceptance by the Trustees; and as to such Trust personnel, the Trust shall be deemed an Employer within the meaning of this Restated Agreement and Declaration of Trust.

(d)    Any person formerly employed by an Employer, the Union, or the Trust, or a dependent of such person, who is permitted under the rules and regulations of the Plan to make self-contributions to maintain eligibility for any or all Plan benefits.

The continuation of Employee status once established shall be subject to such rules as the Trustees may adopt.

1.04 The term "Trustee" shall mean the Trustees designated in this Restated Agreement and Declaration of Trust, together with their successors designated and appointed in accordance with the terms hereof.

1.05 The term "Employer Trustee" shall mean Trustees and their successors representing Employers.

1.06 The term "Union Trustee" shall mean Trustees and their successors appointed by the Union and representing the Employees.

1.07 The term "Trust" shall mean the MISCELLANEOUS WAREHOUSEMEN'S UNION, LOCAL 781 HEALTH AND WELFARE FUND, created by an Agreement and Declaration of Trust dated July 1, 1960, and existing under this Restated Agreement and Declaration of Trust and any subsequent amendments hereto.

1.08 The terms "Trust Fund" or "Fund" shall refer to all property of whatever nature which shall be in said Trust.

1.09 The term "Contributions" or "Employer Contributions" shall mean payments made by Employers or the Union to the Trust on behalf of Employees.

1.10 The terms "Plan of Benefits", "Benefit Plan" or "Plan" shall mean any benefits which may be provided from time to time by the Trust.

1.11 The term "policy" or "policies" as used herein shall mean the policy or policies of insurance issued pursuant to the Agreement and Declaration of Trust, the Amended Agreement and Declaration of Trust, or this Restated Agreement and Declaration of Trust and accepted by the Trustees as part of the Fund, and all other policies of insurance accepted by the Trustees as part of such Fund. They shall be deemed to include any amendments or riders attached to such policy or policies.

1.12 The term "Collective Bargaining Agreement" shall mean any applicable Collective Bargaining Agreement now existing between an Employer and the Union which provides for Contributions to this Trust, as well as any extensions, amendments or renewals thereof, or any new Collective Bargaining Agreement executed in the future between the Union and an Employer which provides for the payment of Contributions to this Trust, as well as any extensions, amendments or renewals thereof.

## ARTICLE II

### Creation of Trust Fund and Board of Trustees

2.01 The Trust heretofore created and established under the original Agreement and Declaration of Trust, as previously amended and restated, is hereby continued, with the Trustees herein provided for, which said Trust shall be comprised of assets initially derived from Employer Contributions made pursuant to Collective Bargaining Agreements between the parties (plus any additional sum or sums from Employer Contributions which may hereafter be made by the Employers and the Union pursuant to written Collective Bargaining Agreements), together with all insurance contracts (including dividends, refunds, or other sums payable to the Trustees on account of such insurance contracts), all investments made and held by the Trustees on account of such insurance contracts, all investments made and held by the Trustees, all moneys received by the Trustees as Contributions or as income from investments made and held by the Trustees or otherwise, and any other property received and held by the Trustees for the uses, purposes and trust set forth in this Restated Agreement and Declaration of Trust, where any of the foregoing is derived from the Employer Contributions.

2.02 The Board of Trustees of this Trust shall consist of six natural persons, three of whom shall represent the Employees and three of whom shall represent the Employers, and shall be "Named Fiduciaries" within the meaning of Section 402(a)(2) of the Employee Retirement Income Security Act of 1974, as the same may be amended from time to time (hereinafter referred to as "ERISA").

2.021 The Union Trustees shall be JOSEPH L. BERNSTEIN, ROBERT BERNSTEIN and ANTHONY DIGRAZIA, appointed by the Union, or their successors appointed as hereinafter provided.

2.022 The Employer Trustees shall be FRANK REVORD, SEYMOUR COHEN and EARL ABRAMSON, or their successors appointed as hereinafter provided.

2.03 Each Trustee shall continue to serve until his death, resignation, incapacity or inability to act, or removal as herein provided.  In case of vacancy by death, incapacity, inability or refusal to act, resignation, removal, or otherwise, of any Trustee, a successor shall be appointed as hereinafter provided.

2.04 Successor Union Trustees shall be designated by the Union.

2.05 Successor Employer Trustees shall be designated by the remaining Employer Trustees. If there shall be no remaining Employer Trustee, then Successor Employer Trustees shall be appointed by a written instrument signed by a majority of the Employers then obligated to contribute to the Trust.

2.06 A Union Trustee may be removed at any time by the Union.

2.07 An Employer Trustee may be removed at any time by the unanimous concurrence of the remaining Employer Trustees, or by a written instrument signed by a majority of the Employers then obligated to contribute to the Trust.

2.08 Any Trustee shall have the right to resign upon tendering ten days' written notice to the remaining Trustees, which resignation shall take effect on the tenth day following the date of mailing of said notice to each of the remaining Trustees, or the date that a Successor Trustee shall have been appointed in accordance herewith, whichever is earlier.

2.09 The Union shall have no voice in the selection, election, designation or removal or in the method of selection, election, designation or removal of any Employer Trustee, notwithstanding that the Union may be making Employer Contributions to the Trust.

2.10 A Trustee shall be deemed to have consented to act as Trustee under this Restated Agreement and Declaration of Trust and to have agreed to administer the Trust as herein provided by becoming signatory hereto, or in the case of a Successor Trustee, by filing a written acceptance of Trust with the remaining Trustees.

2.11 To the extent permitted by law, no Trustee shall be liable or responsible for any acts or defaults of any co-Trustee or predecessor Trustee, or for any losses or expenses resulting from or occasioned by anything done or neglected to be done in the administration of the Trust prior to his becoming a Trustee or subsequent to his having ceased to be a Trustee, nor shall any Trustee be required to inquire into or take any notice of the prior administration of the Trust.

2.12 In the event a deadlock develops between the Employer Trustees and the Union Trustees with respect to any matter over which the Board of Trustees has jurisdiction, but excluding a deadlock regarding a proposed amendment to this Restated Agreement and Declaration of Trust, the Trustees shall appoint a neutral party empowered to break such deadlock within a

781HW/050196/RTA

reasonable length of time. Such neutral party may be appointed by the Trustees in advance of any such deadlock. In the event such neutral party is not appointed within ten days after a written request by any Trustee that such neutral party be designated, or in the event such neutral party refuses, fails or is unable to act, the Trustees, or either the Employer Trustees or the Union Trustees may, upon written application, submit the issue to an Impartial Umpire in accordance with the Impartial Umpire Procedures for Arbitration of Impasses between Trustees of Joint Trust and Pension Funds of the American Arbitration Association. The decision of said Umpire shall be final, binding and conclusive upon the Trustees and all persons concerned. The Umpire's fee and expenses, as well as the joint expenses incidental to his activities and the arbitration, shall be paid from the Fund. The neutral party or Impartial Umpire shall have no power to add to, subtract from or modify any of the terms of this Restated Agreement and Declaration of Trust, or to waive or fail to apply any requirement of eligibility for benefits under any Plan of Benefits or policy.

2.13 The Trustees may establish an office for the transaction of the business of the Trust, the exact location of which is to be made known to the parties interested in said Trust. The books and records pertaining to the Trust and its administration shall be maintained at such office.

## ARTICLE III

### Powers and Duties of Trustees

3.01 The Trustees shall have general supervision of the operation of the Trust and shall conduct the business and activities of the Trust according to this Restated Agreement and Declaration of Trust.

3.02 The Trustees shall hold, manage and take commercially reasonable measures to care for and protect the Trust Fund and collect the income therefrom and Contributions thereto, and shall have all powers with respect thereto which they deem necessary or desirable to carry out the purposes of the Trust.

3.03 The Trustees shall have the power, in their sole discretion, to invest and reinvest the principal and income of the Trust Fund in such securities, common and preferred stock, mortgages, notes, real estate or other property which shall be permissible investments for Trustees in accordance with ERISA, and may sell or otherwise dispose of such securities or property at any time and from time to time as they so see fit; provided, however, the Trustees may, in their sole discretion, invest the Trust Fund or any part thereof in group contracts, and such other form of contracts provided all such contracts are issued by insurance companies authorized to do business in the State of Illinois, as may be selected by the Trustees, for the purpose of providing for all or a part of the benefits provided under this Trust. The Trustees shall have power (in addition to and not in limitation of common law and statutory authority) to exercise with respect to any stocks, bonds, or other property, real or personal, held by them as Trustees, all such rights, powers and privileges as might be lawfully exercised by any person owning similar stocks, bonds or other property in his own right.

3.04 The Trustees may employ or contract with an individual or firm to act as Fund Manager. The Manager will administer the day to day business operations of the Fund and may receive Employer Contributions, deposit the same in the designated depositories, make disbursements from the Trust Fund under the direction of the Trustees, maintain all books and records of the Trust and perform all other functions necessary or appropriate to the operation of the Trust.

3.05 All Trust funds not invested shall be deposited by the Trustees in such depository or depositories as the Trustees shall from time to time designate, and any such deposit or deposits shall be made in the name of the

781HW/D50196/RTA

Trust. All such funds shall be disbursed only by check or draft, signed by at least one Employer Trustee and one Employee Trustee; provided, however, that the Trustees may establish a special bank account of limited amount out of which expenses of operation of the Trust may be paid on the signature of one Trustee, a duly authorized employee of the Trust or the Fund Manager and, further provided, that the Trustees may establish a special bank account for payment of benefits, disbursements from which may be made on the signature of one Trustee, a duly authorized employee of the Trust or the Fund Manager. No Trustee shall be liable in any manner for the failure of any depository selected by the Trustees in good faith and in the exercise of reasonable business judgment.

3.06 The Trustees shall have the power, in their sole discretion and to the extent they deem it wise, beneficial or necessary, to appoint a bank or banks or trust company or trust companies of Chicago, Illinois, as "Corporate Trustee" and to enter into and execute an Agreement or Agreements with such bank or banks or trust company or trust companies. Any such Agreement may provide for the custody, investment and reinvestment of assets of the Trust Fund and may authorize the Corporate Trustee to exercise any and all powers with respect to such assets and to invest the same in any manner and to the same extent that the Trustees are empowered to do hereunder. To the extent permitted by law, the Trustees shall be forever released and discharged from any responsibility or liability with respect to any misapplication or improper investment of such assets by the Corporate Trustee.

3.07 The Trustees shall keep or cause to be kept true and accurate books of account and a record of all its transactions, meetings and the actions taken at such meetings or by written consent of the Trustees.

3.08 The Trustees shall procure an audit of the books of the Trust by a Certified Public Accountant not less frequently than once each year, and a copy of such audit shall be furnished to each Trustee, and a copy of such audit shall be kept available for inspection by authorized persons during business hours at the office of the Trust.

3.09 To the extent permitted by law, a Trustee shall incur no liability in acting upon any instrument, application, notice, request, letter, telegram or other paper or document believed by him to be genuine, to contain a true statement of facts and to be signed or sent by the proper person.

3.10 Any person may rely upon any instrument in writing purporting to have been signed by a majority of the Trustees as conclusive evidence of the

fact that a majority of the Trustees have taken the action stated to have been taken in such instrument.

3.11 To the extent permitted by law, no Trustee shall be liable for any action taken or omitted to be taken by him in good faith, nor for the wrongful acts of any agent, independent contractor, employee or attorney selected by the Trustees with reasonable care, nor for any act of commission or omission of any other Trustee. The fact that such action or omission was advised by counsel employed by the Trustees shall be conclusive evidence of such good faith and care.

3.12 The Trustees are hereby authorized to formulate and promulgate any and all necessary rules and regulations which they deem necessary or desirable to facilitate the proper administration of the Trust, provided the same are not inconsistent with the terms of this Restated Agreement and Declaration of Trust. All rules and regulations adopted by majority action of the Trustees for the administration of the Trust Fund shall be binding upon all parties hereto, all persons dealing with the Trust and all persons claiming any benefits hereunder.

3.13 Any Successor Trustee appointed in accordance with the provisions of this Restated Agreement and Declaration of Trust, upon accepting in writing the terms of this Trust, shall be vested with all of the rights, powers and duties of his predecessor.

3.14 No party dealing with the Trustees shall be obliged (a) to see to the application to the Trust purposes, herein stated, of any money or property belonging to the Trust Fund, or (b) to see that the terms of this Restated Agreement and Declaration of Trust have been complied with, or (c) to inquire into the necessity or expediency of any act of the Trustees. Every instrument executed by a majority of the Trustees shall be conclusive evidence in favor of every person relying thereon (a) that at the time of the delivery of said instrument the Trust was in full force and effect, (b) that the instrument was executed in accordance with the terms and conditions of this Restated Agreement and Declaration of Trust, and (c) that the Trustees were duly authorized and empowered to execute the instrument.

3.15 To the extent permitted by law, the Trustees may receive compensation for the performance of their duties as such Trustees, and they shall be reimbursed by the Trust for all reasonable and necessary expenses which they may incur in the performance of their duties. Any Trustee serving in any other capacity rendering service to the Fund may be paid a reasonable fee for his services.

3.16 The Trustees shall use and apply the Trust Fund for the purpose of paying or providing for the payment of the following types of benefits in accordance with the terms, provisions and conditions of the Plan or Plans of Benefits adopted by the Trustees from time to time, the enumeration of which shall not be deemed or construed to limit the types of related benefits which may be provided:

| | |
|---|---|
| (a) | Hospital expense benefits |
| (b) | Surgical expense benefits |
| (c) | Medical, dental and vision care expense benefits |
| (d) | Life benefits |
| (e) | Accidental death and dismemberment benefits |
| (f) | Temporary disability or loss of time benefits |

3.161 The Trustees may, within their sole discretion, provide benefits on a self-funded, self-administered or insured basis in such amounts as they shall from time to time determine consistent with good business practices, after taking into consideration the establishment and maintenance of reasonable reserves. The Trustees shall have the authority to increase or decrease various types of benefits which, in their sole judgment, can best be provided from the funds available, including Trust assets and Employer Contributions, for that purpose from time to time, and shall have the authority to increase or decrease from time to time the rates of Employer Contributions required for the several Plans or classes of benefits. There shall be no liability upon the Union, any Employer or any Trustee for the furnishing of any specific type or amount of benefit to any Employee or beneficiary, nor shall there be any liability upon The Union, any Employer, any Trustee or the Trust for the direct payment of any benefits which have been contracted for by the Trustees in the case of the default or failure of the insurance carrier or otherwise.

3.17 The Trustees may adopt one or more Plans of Benefits. In establishing the type and amount of benefits and the eligibility requirements therefore, the Trustees may take into account the amount of Employer Contributions, the number of hours worked by Employees and the cost of providing benefits to any group, category or class of Employees, in addition to such other factors which the Trustees, in their sole discretion, shall deem to be reasonable and proper.

3.171 The Trustees may commingle with the general assets of the Trust, or any part thereof, the Contributions of any Employer or combination of Employers, or the Contributions made on behalf of any group, category or class of Employees.

3.18 The Trustees may pay or provide for (1) the payment of all reasonable and necessary expenses of collecting the contributions and administering the affairs of this Trust, including the employment of such administrative, legal, expert and clerical assistance as may be reasonably necessary, (2) the leasing of such premises as may be necessary for the administration of this Trust, and (3) the purchase or leasing of such materials, supplies and equipment as the Trustees, in their discretion, find necessary or appropriate to the performance of their duties.

3.19 The Trustees, by majority action, shall have the power to construe the provisions of this Restated Agreement and Declaration of Trust and the terms and conditions of any Plan of Benefits adopted by them, and any construction adopted by the Trustees in good faith shall be binding upon the Union, the Employers, all parties dealing with the Trust, and all persons claiming any benefits from the Trust.

3.20 The Trustees, by resolution, shall provide for fidelity bonds, in such form and amounts as may be required by statute, for employees of the Trust and for the Trustees who shall be authorized to handle assets of the Trust Fund. If no such statutory requirement shall exist, such bonds shall be in such form and amounts as the Trustees may determine. In addition, the Trust may by resolution purchase insurance for its fiduciaries and for itself to cover liabilities or losses occurring by reason of the act or omission of a fiduciary; provided, however, that such insurance policy shall be in the form and manner permitted by law.

3.21 The Trustees shall be entitled at any time to have a judicial settlement of their accounts and judicial determination of any questions in connection with their duties and obligations under this Trust, or in connection with the administration or distribution thereof. Any Trustee who has resigned or been removed from office shall and hereby agrees to forthwith execute all instruments necessary to effectuate the transfer of Trust funds.

3.22 The Trustees are authorized to extend the coverage of this Restated Agreement and Declaration of Trust to such other Employers as the Trustees shall agree upon, provided such Employers are required and agree to conform to the terms and conditions hereof and to make Employer Contributions pursuant to a Collective Bargaining Agreement with the Union.

3.23 The Trustees are authorized to negotiate, direct and agree to the merger of this Trust with or into another welfare trust, or the merger of another trust into this Trust, on such terms and conditions as are consistent with the purposes stated herein for this Trust.

3.24 The Trustees are authorized to terminate the participation of individual Employers for failure to make timely Employer Contributions, or for such other reasons as the Trustees may determine from time to time. In any such case the Employer shall receive 15 days' prior written notice of the termination of his participation. The Employer shall, immediately upon receipt of such notice of termination, give written notice of such termination to each of his Employees whose participation in this Trust has been thereby terminated. No notice to such terminated Employees shall be required of or given by the Trustees. On and after the effective date of such termination, the Trust Fund shall have no liability for payment of claims thereafter incurred by Employees of a terminated Employer, and the terminated Employer shall reimburse the Trustees for any benefit payment from the Trust Fund which may be required by any court or administrative agency.

3.25 In addition to, and without limitation of any other power granted by this Trust Agreement, the Trustees shall have the power:

(a) To appoint an investment manager or managers, as that term is defined in ERISA, to manage (which shall include the power to acquire and dispose of Trust assets) any assets of the Trust, and the Trustees shall have the power to delegate to such investment manager or managers all or any part of the investment powers vested in the Trustees by this Trust Agreement. If an investment manager or managers shall have been appointed in accordance herewith, then no Trustee shall be liable for the acts or omissions of such investment manager or managers, or be under an obligation to invest or otherwise manage any assets of the Plan which is subject to the management of such investment manager. The Trustees may, by majority vote, change the investment manager or managers at any time.

(b) To designate other persons to carry out their fiduciary responsibilities, or any part thereof, to the full extent permitted by ERISA.

(c) To allocate all or any part of their fiduciary responsibilities for the operation and administration of the Trust and the Plan among any of the named fiduciaries as that term is defined in ERISA.

(d) To employ on their own behalf or to authorize any other fiduciary to employ one or more persons to render advice with regard to any responsibility assumed by or imposed by law upon such fiduciary.

(e)    To serve or permit any person or group of persons to serve in more than one fiduciary capacity.

(f)    To enter into any and all contracts and agreements for carrying out the terms of this Restated Agreement and Declaration of Trust and for the administration of the Trust, and to do all acts that they, in their sole discretion, may deem necessary or advisable, and such contracts, agreements and acts shall be binding and conclusive on the parties hereto, on all persons dealing with the Trust, on all Employees or beneficiaries and on all persons claiming any benefits from the Trust.

(g)    To keep property and securities registered in the name of the Trustees or in the name of a nominee or nominees or in unregistered or bearer form without disclosure of any fiduciary relationship.

(h)    To establish and accumulate, as part of the Trust Fund, a reserve or reserves adequate, in the sole opinion of the Trustees, to carry out the purposes of such Trust.

(I)    To pay out of the Trust all real and personal property taxes, income taxes and other taxes of any and all kinds levied or assessed under existing or future laws upon or in respect to the Trust, or any money, property or securities forming a part thereof.

(j)    To do all acts, whether or not expressly authorized herein, which the Trustees may deem necessary or proper to carry out the purposes of the Trust or for the protection of the property held hereunder.

(k)    To pay out of the funds of the Trust membership fees in organizations formed for the purpose of educating Trustees and Administrators to perform their duties and to fulfill their obligations to jointly administered trusts, and to pay reasonable expenses incurred in connection with the attendance by the Trustees and Trust employees at educational conferences and seminars.

(l)    To enter into reciprocal agreements with any other trust or trusts providing for the granting of benefits similar to those provided by this Trust based, in part, upon employment by employers who made contributions on behalf of employees to such other trust or trusts.

(m)    To adopt review procedures consistent with law and applicable regulations.

(n)    To borrow from any bank, savings and loan association, insurance company or other money lending firm or institution such sums on such terms and conditions as the Trustees may from time to time determine, and to hypothecate, mortgage, pledge or otherwise collateralize or secure any indebtedness so created with assets of this Trust; provided, however, that any action of the Trustees pursuant to the powers contained in this subsection must be approved by the affirmative vote of not less than two-thirds (2/3) of the Trustees.

(o)    Engage in transactions between the Fund and (I) a common or collective trust fund or pooled investment fund maintained by a party in interest which is a bank or trust company supervised by a State or Federal agency or (ii) a pooled investment fund of an insurance company qualified to do business in a State, of the requirement of Sections 408(b)(8) of ERISA are complied with.

## ARTICLE IV

### Operation of the Board of Trustees

4.01 The Trustees shall select, by majority vote, a Chairman who shall serve until replaced by the Trustees. The Chairman will preside at meetings of the Board.

4.02 A quorum of the Trustees for the transaction of business, except as otherwise provided herein, shall consist of four Trustees, including at least one Employer Trustee and at least one Union Trustee. The Trustees may also participate in any act at any meeting of the Board of Trustees through the use of a conference telephone or other communication equipment by means of which all persons participating in the meeting can hear each other. Participation in a meeting in such manner shall constitute attendance and presence in person at the meeting of the person or persons so participating.

4.021 All decisions of the Trustees shall be by majority vote. At all meetings of the Trustees, the Union Trustees present shall have, in the aggregate, a total of one vote and the Employer Trustees present shall have, in the aggregate, a total of one vote.

4.03 No vacancy or vacancies in the Board of Trustees shall impair the power of the remaining Trustees, acting in the manner provided in this Restated Agreement and Declaration of Trust, to administer the affairs of the Trust notwithstanding the existence of such vacancy or vacancies.

4.04 To the fullest extent permitted by law, all proper and necessary expenses incurred by any Trustee including, without limitation, the full cost of defense in any litigation arising out of the Trusteeship of this Fund, shall be paid out of the Trust Fund.

4.05 Any instrument in writing, authorized by the Trustees, may be signed by any two Trustees, provided it is signed by one Employer Trustee, one Union Trustee. Any instrument so executed shall have the same force and effect as if taken by all of the Trustees. All parties dealing with the Trustees may rely on any instrument so executed and on any action so taken as having been duly authorized.

4.06 A regular meeting of the Board shall be held not less than once a year, which date is to be fixed by the Chairman. The Chairman or any two Trustees may call a special meeting of the Trustees at any time by giving not

less than five days' written notice to each Trustee of the time and place thereof. A special meeting so called shall be adjourned for a reasonable period upon the request of any Trustee showing a justifiable cause therefor to the Trustees. Meetings of the Board of Trustees may also be held at any time without notice with the consent of all Trustees present. In the event that the Trustees shall concur in writing upon any proposition, no meeting thereon need be held by the Board. The votes of the Trustees may be cast by them in person at a meeting or may be evidenced by written instruments or electronic facsimile (fax) transmissions signed by them.

## ARTICLE V

### Controversies and Disputes

5.01 In any controversy, claim, demand, suit at law or other proceeding between the Trustees and any Employer, Employee, beneficiary or any other person claiming any benefits from the Trust, the Trustees shall be entitled to rely upon any facts appearing in the records of the Trust, any instruments on file with the Trustees, with the Union or with the Employers, any facts certified to the Trustees by the Union or the Employers, any facts which are of public record and any other evidence pertinent to the issue involved.

5.02 All questions or controversies of whatsoever character arising in any manner or between any parties or persons in connection with the Trust or the operation thereof, whether as to any claim for benefits, or whether as to the construction of the language of this instrument, the Plan of Benefits, or the rules and regulations adopted by the Trustees, or as to any writing, decision, instrument or accounts in connection with the operation of the Trust or otherwise, shall be submitted to the Trustees or, where Trustee responsibility has been delegated to others, to such others for decision, and the decision of a majority of the Trustees or, where appropriate, their delegates, shall be binding upon all persons dealing with the Trust or claiming any benefit thereunder, except to the extent that such decision may be determined to be arbitrary or capricious by a court or arbitrator having jurisdiction over such matter.

5.03 The Trustees may, in their sole discretion, compromise or settle any claim or controversy in such manner as they think in the best interests of the Trust and its beneficiaries, and any decision made by the Board of Trustees in compromise or settlement of a claim or controversy, or any compromise or settlement agreement entered into by the Trustees, shall be conclusive and binding on all parties to the Trust, all persons dealing with the Trust, and all persons claiming any benefits thereunder.

## ARTICLE VI

### Contributions and Collections

6.01 Each Employer shall make continuing and proper payments to the Trust Fund in accordance with and in the amount required by the Collective Bargaining Agreement in effect from time to time between the Employer and the Union.

6.02 The Trustees, in their fiduciary capacities, shall have the power to demand and collect the Contributions of the Employers to the Trust. The Trustees may take any and all steps, including the institution and prosecution of and intervention in any legal proceeding, that may be necessary or desirable to effectuate the collection or preservation of Contributions or other moneys which may be due and owing to the Trust, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary for such purpose. Non-payment by an Employer of any moneys due shall not relieve any other Employer from his obligation to make payment.

6.03 The Trustees may require an Employer who fails to pay Contributions when due to pay interest on all such delinquent Contributions (including interest payments and any liquidated damages assessed pursuant to this Section) at a rate that the Board may set from time to time. The Trustees may also require an Employer to pay, in addition to all of the Contributions and interest due thereon, the additional sum of 5% of the total amount due for each month that the Employer's Contributions remain unpaid, as and for liquidated damages and not as a penalty, it having been determined and agreed that the Trust, in fact, sustains actual damages as the result of any such delinquency and it being further agreed that the amount and extent of such damages are difficult to ascertain from time to time. The Trustees may also require an Employer who fails to pay Contributions when due to reimburse the Trust for its cost of collecting delinquent Contributions, which costs may include the fees of the Trust Fund's attorneys and accountants.

6.031 In the case of any Employer who has been assessed liquidated damages under this Article, the Trustees are authorized to require such Employer to deposit with the Trustees in advance, as a guaranty for the future payment of Contributions, an amount not to exceed three times the monthly Contribution of such Employer, as estimated by the Trustees. The Trustees are further authorized to terminate such Employer's participation in the Trust if such a deposit is not made as required under this Section.

781HW/050196/RTA

6.04 In no event shall the Employers, directly or indirectly, receive any refund of Contributions made by them to the Trust, except in case of a bona fide mistake, and in case of such bona fide mistake, only to the extent permitted by law, nor shall any Employer participate in the disposition of the Trust Fund or receive any benefits from the Trust. Except as otherwise required by law, no Employer shall be liable for any payments to the Trust Fund other than for Contributions due pursuant to a Collective Bargaining Agreement and other payments required under the terms of this Trust Agreement. Upon the transfer to the Trustees of such Contributions and other payments, all responsibilities of the Employers for Contributions shall cease, and neither the Employers nor the Union shall have any responsibility for the acts of the Trustees. No person shall have any individual right, title, interest or claim against any Employer Contribution or the Trust Fund, except as may be expressly provided for in this Restated Agreement and Declaration of Trust.

6.05 Each Employer shall promptly furnish to the Trustees, on demand, the names of its employees, their Social Security numbers, the hours worked by each employee, the date of termination of employment of each employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust. The Trustees may, by their representatives, examine the pertinent records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust. All Employers shall furnish to the Trustees, annually or more frequently if requested by them, a statement showing whether (a) the company is a corporation and the names of all its officers; (b) if not a corporation, a certificate stating that it is either a partnership or an individual proprietorship or other legal entity and the names of the partners, owners, trustees or the name of the individual proprietor. The Union will comply with any reasonable request of the Trustees to examine those Union records which may indicate the employment record of any employee whose status is in dispute.

## ARTICLE VII

### Amendments

7.01   (a) It is anticipated that, in the administration of this Trust, conditions may arise that are not foreseen at the time of the execution of this Restated Agreement and Declaration of Trust and it is the intention of the parties that the power of amendment, which is hereinafter given, be exercised in order to carry out the purposes of this Trust, among which is to pay fair and reasonable benefits, consistent with the number of members eligible and likely to become eligible for such benefits, the amount of money available and which is likely to become available for the payment of benefits, and sound actuarial practice. Therefore, the Trustees, by their unanimous written concurrence, are hereby given the power to amend this Restated Agreement and Declaration of Trust, at any time and from time to time and in any manner, provided, however, that in no event shall the Trust Fund be used for any purpose other than the purposes set forth in this Restated Agreement and Declaration of Trust, and for the purpose of paying the reasonable expenses incurred in the administration of this Trust and, further provided, that all amendments shall comply with the applicable sections of the Internal Revenue Code and other applicable law.

(b) All parties hereto, all persons dealing with the Trust, all Employers and all persons claiming benefits hereunder shall be bound by any duly executed amendment, and no person shall have any vested interest or right in the Trust Fund or in any payment from the Trust Fund. The Trustees have full authority to amend, repeal, add to or take away any right or payment, retroactively or otherwise, that they deem proper for the benefit of and/or for the preservation of this Trust.

## ARTICLE VIII

### Termination of Trust

8.01 This Trust shall terminate upon the happening of any one or more of the following events:

(a)    In the event the obligation of all Employers contributing to the Trust to make Contributions shall terminate.

(b)    Upon the disbursement of the entire Trust Fund, as hereinafter provided.

(c)    In the event the Trust hereby created is subject to the Rule against Perpetuities as existing in the law of the State of Illinois at the time in this Article fixed for termination of the Trust, the Trust shall terminate twenty years after the date of death of the last Employee covered by this Restated Agreement and Declaration of Trust at the time of the execution of this Restated Agreement and Declaration of Trust; otherwise, this Trust shall have perpetual existence except as otherwise provided in this Article.

(d)    By operation of law.

(e)    Upon the written concurrence of the Union and by a written instrument signed by a majority of the Employers then obligated to contribute to the Trust.

8.02 In the event this Trust shall terminate for any reason, the Trustees shall first apply the Fund to pay any and all obligations of the Trust. Any funds thereafter remaining shall be used at the discretion of the Trustees to provide benefits for Employees covered at the time of termination of this Agreement consistent with the purposes of this Trust as herein provided. The Trustees shall have discretion under this provision to transfer any remaining funds to a trust fund providing health and welfare benefits to employees who were covered under this Fund during the year prior to termination of this Trust. In no event shall the surplus, if any, remaining be distributed to the Employers.

## ARTICLE IX

## Miscellaneous

9.01 All benefit payments, if and when such payments shall become due, shall, except as to persons under legal disability, be paid to such beneficiary and shall not be grantable, transferable, or otherwise assignable in anticipation of payment thereof, in whole or in part, by the voluntary or involuntary acts of any such beneficiary, or by operation of law, and shall not be liable or taken for any obligation of such beneficiary. No person shall have the right to anticipate, alienate, sell, transfer, pledge, assign or otherwise encumber any interest whatsoever in any benefit to which he may be or become entitled under any Plan of Benefits adopted by the Trustees, nor shall any such benefit be in any manner subject to the debts, contracts, liabilities or torts of the persons entitled thereto, provided, however, that the Trustees may, in their sole discretion, honor an assignment to the provider of benefits hereunder.

9.02 No Employee shall have the right to receive any part of the Contributions in lieu of benefits, nor to receive a cash consideration in lieu of such benefits, either upon the termination of the Trust or upon his withdrawal through severance of employment, or otherwise.

9.03 In case any benefit payments hereunder become payable to a person under legal disability, or to a person not adjudicated incompetent but, by reason of mental or physical disability, in the opinion of the Trustees, unable to administer properly such payments, then such payments may be paid out by the Trustees for the benefit of such person in such of the following ways as they think best, and the Trustees shall have no duty or obligation to see that the funds are used or applied for the purpose or purposes for which paid:

    (a)    directly to any such person;

    (b)    to the legally appointed guardian or conservator of such person;

    (c)    to any spouse, child, parent, brother or sister of such person for his welfare, support and maintenance;

    (d)    by the Trustees using such payments directly for the support, maintenance and welfare of any such person.

9.04 It is the intention of the parties to this Trust that the Contributions of the Employers to the Fund will be deductible as business expenses under the Internal Revenue Code, that such Contributions will not be subject to Social

Security taxes or other Federal withholding tax, and that such Contributions do not constitute a portion of the "regular rate" under the Fair Labor Standards Act. All parties hereto agree to make such lawful amendments to this Restated Agreement and Declaration of Trust as may be necessary to carry out this intention.

9.05 In the event any question or dispute shall arise concerning the proper person or persons to whom any payment shall be made hereunder, the Trustees may withhold such payment until a binding adjudication of such question or dispute, satisfactory to the Trustees in their sole discretion, shall have been made, or the Trustees shall have been adequately indemnified to their satisfaction against loss.

9.06 This Restated Agreement and Declaration of Trust shall be construed according to and be governed by the laws of the State of Illinois, except as may be provided by federal law.

9.07 Where used in this Restated Agreement and Declaration of Trust, words in the masculine shall be read and construed as in the feminine, and words in the singular shall be read and construed as though used in the plural, and vice versa, in all cases where such construction would so apply.

9.08 The Article titles are included solely for convenience and shall, in no event, be construed to affect or modify any part of the provisions of this Restated Agreement and Declaration of Trust or be construed as part hereof.

9.09 Should any provision of this Restated Agreement and Declaration of Trust be held to be unlawful, or unlawful as to any person or instance, such fact shall not adversely affect the other provisions herein contained or the application of said provisions to any other person or instance, unless such illegality shall make impossible the functioning of the Trust. No Trustee shall be held liable for any act done or performed in pursuance of any provisions hereof prior to the time such act or provision shall be held
unlawful by a court of competent jurisdiction.

9.10 No person shall have any vested interest or right in the Trust Fund or in any payments from the Trust except as may be provided in any Plan of Benefits adopted by the Trustees from time to time; provided, however, that the rights of any person who has become eligible for benefits hereunder by fully meeting the requirements of this Restated Agreement and Declaration of Trust and any Plan of Benefits created hereunder shall not be affected, changed, or altered by any amendment hereto, unless the Trust Fund, in the opinion of the Trustees, is inadequate to meet the payments due, in which event the Trustees shall determine whether such benefits shall be reduced uniformly or the Trust terminated.

9.11 This Restated Agreement and Declaration of Trust may be executed in multiple counterparts, each of the same force and effect, but all of which shall be considered to be one document.

IN WITNESS WHEREOF, the undersigned Trustees have caused this Restated Agreement and Declaration of Trust to be executed on the dates set forth under their respective names.

_____  6/5/96          _____  6/5/96
date                                       date

_____  6/5/96          _____
date                                       date

_____                   _____  6/5/96
date                                       date

AMENDMENT NO. 1
TO THE
RESTATED AGREEMENT AND DECLARATION OF TRUST
ESTABLISHING THE
MISCELLANEOUS WAREHOUSEMEN'S LOCAL 781
HEALTH AND WELFARE FUND

Pursuant to the authority granted to them in Article VII, Section 7.01(a) of the Restated Agreement and Declaration of Trust Establishing the Miscellaneous Warehousemen's Local 781 Health and Welfare Fund, the Board of Trustees amend the Restated Agreement and Declaration of Trust, effective July 1, 2000, as follows:

1.   Article II, Section 2.02 shall be amended to read as follows:

The Board of Trustees of this Trust shall consist of four natural persons, two of whom shall represent the Employees and two of whom shall represent the Employers, and shall be "Named Fiduciaries" within the meaning of Section 402(a)(2) of the Employee Retirement Income Security Act of 1974, as the same may be amended from time to time (hereinafter referred to as "ERISA").

2.   Article II, Section 2.021 shall be amended to read as follows:

The Union Trustees shall be JOSEPH L. BERNSTEIN and ROBERT BERNSTEIN, appointed by the Union, or their successors appointed as hereinafter provided.

3.   Article II, Section 2.022 shall be amended to read as follows:

The Employer Trustees shall be EARL ABRAMSON and GEORGE J. CIBULA, JR., or their successors appointed as hereinafter provided.

4.   Article II, Section 2.05 shall be amended to read as follows:

Successor Employer Trustees shall be designated by the remaining Employer Trustee. If there is no remaining Employer Trustee, then Successor Employer Trustees shall be appointed by a written instrument signed by a majority of the Employers then obligated to contribute to the Trust.

5.  **Article IV, Section 4.02 shall be amended to read as follows:**

> A quorum of the Trustees for the transaction of business, except as otherwise provided herein, shall consist of three Trustees, including at least one Employer Trustee and at least one Union Trustees.  The Trustees may also participate in any act at any meeting of the Board of Trustees through the use of a conference telephone or other communication equipment by means of which all persons participating in the meeting can hear each other.  Participation in a meeting in such manner shall constitute attendance and presence in person at the meeting of the person or persons so participating.

This Amendment No. 1 may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which taken together shall constitute one and the same Amendment No. 1.

The undersigned have executed this Amendment No. 1 to the Restated Agreement on the date written opposite their respective names.

UNION TRUSTEES                          EMPLOYER TRUSTEES

_Joseph L. Bernstein_    7-11-00        _George J. Cibula_    8/7/2000
                         Date                                 Date

_Paul L. Bernstein_  7-10-2001          _Paul B. Shannon_     8/15/00
                     Date                                     Date

## AMENDMENT NO. 2
## TO THE
## RESTATED AGREEMENT AND DECLARATION OF TRUST
## ESTABLISHING THE
## MISCELLANEOUS WAREHOUSEMEN'S LOCAL 781
## HEALTH AND WELFARE FUND

Pursuant to the authority granted to them in Article VII, Section 7.01(a) of the Restated Agreement and Declaration of Trust Establishing the Miscellaneous Warehousemen's Local 781 Health and Welfare Fund, the Board of Trustees amend the Restated Agreement and Declaration of Trust, effective January 1, 2006, as follows:

Article I, Section 1.03(c) is amended to read as follows:

> All persons employed by the Trust, upon acceptance by the Trustees; and as to such Trust personnel, the Trust shall be deemed an Employer within the meaning of this Restated Agreement and Declaration of Trust.

This Amendment No. 2 may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which taken together shall constitute one and the same Amendment No. 2.

The undersigned have executed this Amendment No. 2 to the Restated Agreement on the date written opposite their respective names.

**UNION TRUSTEES**

_____ 1/5-06
Date

_____ 1/11/06
Anthony R. DiGiorgio    Date

**EMPLOYER TRUSTEES**

_____ 1/11/06
Date

_____ 1/11/06
Date

-1-