# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6878 | **DATE** | 5/12/2008 |
| **CASE TITLE** | Misc. Warehousemen's Local 781 Fund vs. Sunnyside Corp. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants defendant's motion for a stay [docket no. 11]. The Court directs the parties to file a joint status report on 6/13/08 advising the Court of the status of the arbitration between Local 781 and Sunnyside. The case is set for a status hearing on 6/18/08 at 9:30 a.m.

■[ For further details see text below.]                                                                                              Docketing to mail notices.

## STATEMENT

The Miscellaneous Warehousemen's Local 781 Health and Welfare Fund has sued Sunnyside Corporation to recover $178,457.90 that it says Sunnyside owes for unpaid health and welfare fund contributions on behalf of certain workers. Sunnyside has moved to stay proceedings in the case pending the determination of an ongoing arbitration between Sunnyside and Local 781, which represents Sunnyside workers.

Sunnyside's obligations vis-a-vis the Fund are governed by a trust agreement that obligates employers like Sunnyside to make contributions "in accordance with and in the amount required by the Collective Bargaining Agreement in effect . . . between the Employer and the Union," that is, Local 781. Trust Agr. § 6.01. The trust agreement goes on to say that "[e]xcept as otherwise required by law, no Employer shall be liable for any payments to the Trust Fund other than for Contributions due pursuant to a Collective Bargaining Agreement . . . ." *Id.* § 6.04.

The collective bargaining agreement (CBA) between Local 781 and Sunnyside requires Sunnyside to make contributions to the Fund "for each regular employee covered by this Agreement who has been on the payroll thirty (30) days or more to the Miscellaneous Warehousemen's Local 781 Health & Welfare Fund." CBA, Art. XIII, § 1. The CBA does not define the term "regular employee."

The dispute in this case involves contributions that the Fund says are due for certain temporary workers employed by Sunnyside. Sunnyside contends that these workers are not "regular employees" within the meaning of the CBA and thus that no contributions are due. Local 781 has its own dispute with Sunnyside over the temporary workers; it contends that Sunnyside violated the CBA by using non-union workers to perform bargaining unit work. It submitted a grievance to Sunnyside contending that the company had breached the CBA and, in that grievance, also requested that the Fund be compensated for contributions it would have received had Sunnyside not breached the CBA.

**STATEMENT**

The CBA provides that disputes between Local 781 and Sunnyside will be resolved via arbitration. The dispute between Local 781 and the company has now proceeded to that stage. Sunnyside argues that because the arbitrator likely will determine whether the temporary workers are employees under the CBA, this case should be stayed pending the outcome of the arbitration.

In opposing a stay, the Fund relies primarily on the fact that the trust agreement specifically permits filing of a lawsuit to enforce its terms and does not contemplate arbitration; it relies on cases holding that an ERISA-governed plan like the Fund is not required to arbitrate disputes simply because a related collective bargaining agreement to which the Fund is not a party provides for dispute resolution via arbitration rather than lawsuits. *See Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364, 367 (1985); *Pipefitters' Welfare Fund, Local Union 597 v. Mosbeck Indus. Equip. Inc.*, 856 F.2d 837, 840 (7th Cir. 1988).

That, however, is not the issue in this case. Sunnyside is not asking the Court to direct the Fund to arbitrate the present dispute; rather, it is asking to stay the case pending the outcome of Sunnyside's arbitration with Local 781. The Court need not determine whether or to what extent the outcome of that arbitration will be binding to conclude that a decision in the arbitration is likely to provide important information that could bear on the resolution of the present dispute, via settlement or otherwise. The Fund has identified no way in which it will be injured, irreparably or otherwise, by what is likely to be only a short delay in resolution of the case.

For these reasons, the Court grants defendant's motion for a stay [docket no. 11]. The Court directs the parties to file a joint status report on June 13, 2008 advising the Court of the status of the arbitration between Local 781 and Sunnyside. The case is set for a status hearing on June 18, 2008 at 9:30 a.m.